Filed 4/14/26  P. v. Deramus CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B344634 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XCNBA464841-01) |
| v. | |
| HENRY J. DERAMUS III, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge. Affirmed and remanded with directions.

Neil Rosenbaum, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review an order denying Henry Deramus's motion for resentencing brought under Penal Code[1] section 1172.6. Because Deramus's conclusory allegations of entitlement to resentencing relief were refuted by the record of conviction, we affirm the order. We also remand with directions to the trial court to permit Deramus to file an amended petition within 30 days of the remittitur if he chooses to do so.

## BACKGROUND

As relevant here, in 2018, an information charged Deramus with attempted murder along with prior strike and firearm use enhancements. (§§ 187, subd. (a), 664, 12022.5, subd. (a), 667, subds. (b)–(j), 1170.12, subd. (b).) On July 9, 2019, Deramus pled no contest to attempted murder, admitted a prior strike conviction, and admitted possession of a firearm during the commission of the offense. The trial court imposed an aggregate sentence of 22 years in prison, consisting of the upper term of nine years for the attempted murder conviction, doubled due to the prior strike, and the midterm of four years for the firearm enhancement.

On October 10, 2024, Deramus filed a form petition for resentencing pursuant to former section 1170.95 (renumbered on June 30, 2022 as section 1172.6). The form petition alleged no evidentiary facts. The trial court appointed counsel for Deramus. On December 3, 2024, the People filed a response to the resentencing petition. The People contended that testimony at the preliminary hearing established that as the victim sat in the

---

[1] Undesignated statutory references are to the Penal Code.

driver's seat of his car, Deramus approached him on foot and fired numerous rounds at him. The victim later identified Deramus as the person who shot him, as did police officers who reviewed surveillance video of the shooting. The People contended they prosecuted Deramus as the lone and actual shooter of the victim. At the hearing on January 15, 2025, Deramus submitted on his petition and the People's response. Finding that Deramus had failed to make a prima facie case for relief, the trial court denied the petition for resentencing. Deramus timely appealed.

We appointed counsel to represent Deramus on appeal. On October 24, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told Deramus he could file his own supplemental brief.

On October 24, 2025, we sent Deramus notice that counsel had filed a no issue brief on his behalf. We advised him he could, within 30 days, submit a supplemental brief or letter stating any contentions or arguments that he wanted us to consider. We also advised Deramus that if no supplemental brief or letter were timely filed, the appeal may be dismissed as abandoned.

On January 5, 2026, Deramus filed a supplemental letter brief. Citing *People v. Estrada* (2024) 101 Cal.App.5th 328, he contended the trial court erroneously denied his resentencing petition because he did not admit malice and did not admit he harbored an intent to kill when he pled no contest.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the

3

actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, §1, subd. (f).) It accomplished this by amending sections 188 and 189 (Stats. 2018, ch. 1015, §§ 2, 3; *People v. Lewis* (2021) 11 Cal.5th 952, 957.)

Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) amended the statute to include attempted murder under the natural and probable consequences doctrine and manslaughter. (§ 1172.6, subd. (a); see former § 1170.95, subd. (a).)

The Legislature provided a procedure, now codified in section 1172.6, whereby defendants may petition the court to vacate their convictions and seek resentencing on any remaining counts if they show they could not now be convicted of murder, attempted murder or manslaughter because of the changes to sections 188 and 189. (§ 1172.6, subd. (a)(3).) Alternatively, persons are eligible who accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder. attempted murder or manslaughter under the law as it was before Senate Bill No. 1437 became effective. (§ 1172.6, subd. (a)(2).)

In *People v. Patton*, the California Supreme Court held that a petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6 in response to a record of conviction demonstrating petitioner's conviction under a still-valid theory has not made a prima facie showing of eligibility for relief. (*People v. Patton* (2025) 17 Cal.5th 549, 557 (*Patton*).) *Patton* held that a trial court may properly, at the prima facie stage, reference the record of conviction to refute conclusory allegations

4

in furtherance of its statutory screening function. This includes relying on unchallenged facts within a preliminary hearing transcript to ascertain the People's theory of liability and frame the issues that may require an evidentiary hearing. (*Id*. at pp. 568–569.)

Here, the People refuted Deramus's conclusory allegations of entitlement to resentencing relief with a contrary showing: testimony at the preliminary hearing that one man, later identified as Deramus, approached the victim as he was seated in his car and shot multiple rounds into the front passenger side of the victim's car. When confronted with a record of conviction that demonstrated relief was unavailable, Deramus did not meet his "burden of coming forward with nonconclusory [factual] allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Patton*, *supra*, 17 Cal.5th at p. 567.) The trial court therefore did not err in concluding Deramus failed to meet his prima facie burden. (See *ibid*.; *People v. Rodriguez* (2026) 117 Cal.App.5th 1179, 1196 (*Rodriguez*).)

*Patton* was issued after the trial court's finding of ineligibility for relief. We asked the parties to submit supplemental briefing on the effect of *Patton* on this appeal. Deramus acknowledged the *Patton* decision permits the trial court to look to the preliminary hearing transcript when conducting a prima facie review of a resentencing petition made after a conviction based on a no contest plea. He also noted that in *Patton*, although the Supreme Court affirmed the lower court's order denying resentencing relief where Patton had offered only conclusory allegations of entitlement to relief under section 1172.6, at Patton's request the Supreme Court remanded the case to the superior court with directions to consider an amended

petition if Patton chose to file one.  Deramus argued he was identically situated to the *Patton* petitioner: his resentencing petition was also a checkbox declaration with legal conclusions, his trial counsel did not file a brief in response to the People's showing, and his counsel made no argument at the prima facie hearing.  Deramus requested we grant him the same relief the Supreme Court afforded Patton: a remand to permit him to file an amended petition pleading additional facts.

It is clear that in *Patton* the Supreme Court entertained some level of doubt whether Patton would be able to plead additional facts that would establish a prima facie showing, as the court explained it was remanding the matter "out of an abundance of caution."  (*Patton*, *supra*, 17 Cal.5th at p. 569.) Here, too, it is unknown whether Deramus will be able to allege additional facts sufficient to make a prima facie showing, but we follow the California Supreme Court's lead and remand the matter in an abundance of caution to permit him to file an amended petition if he is able to do so.  (*Ibid*.; see also *Rodriguez*, *supra*, 117 Cal.App.5th at p. 1196; *People v. Glass* (2025) 110 Cal.App.5th 922, 925, 930.)

## DISPOSITION

The order is affirmed.  We remand the matter to the superior court with directions to consider an amended petition should Deramus, within 30 days of that remand, seek to file one.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

I concur:

WILEY, J.

7

**SCHERB, J., Concurring**

I concur in the court's affirmance and limited remand.  But as to the limited remand, I express hesitation that *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*) alone justifies this relief.  I decline to address the matter further now, however, because of the posture of this appeal and my concern with applying a contrary rule in Deramus's case, given the appellate courts have established a practice, in the nearly 14 months since *Patton*, of granting remands in cases like Deramus's — a practice Deramus has relied upon before us.  (See *People v. Rodriguez* (2026) 117 Cal.App.5th 1179, 1196, petn. for review filed Feb. 24, 2026, S295404 [remanding when petitioner "did not have the benefit of *Patton* when he filed his resentencing petition"]; *People v. Glass* (2025) 110 Cal.App.5th 922, 930 [remanding when petitioner "did not have the benefit of *Patton*'s guidance during the prima facie stage before the trial court"].)

SCHERB, J.

1